## RADCLIFFE v. BALTIMORE & O. R. CO.

(Circuit Court of Appeals, Fourth Circuit. May 4, 1921.)

No. 1822.

Master and servant ⊜112 (3) —Injuries to brakeman, slipping on gravel, held not actionable.

A railroad company *held* not chargeable with negligence because it did not keep the top of a retaining wall alongside its track on a private siding free from gravel or other substances, which rendered it liable for injury to a brakeman, who slipped on such substances and fell, when walking on the wall in moving cars on the track.

In Error to the District Court of the United States for the Northern District of West Virginia, at Wheeling; Alston G. Dayton, Judge.

Action at law by Frank Radcliffe against the Baltimore & Ohio Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

C. W. Dille, of Cleveland, Ohio (Thomas Ray Dille, of Morgantown, W. Va., on the brief), for plaintiff in error.

Frank W. Nesbitt, of Wheeling, W. Va., for defendant in error.

Before KNAPP and WOODS, Circuit Judges, and WADDILL, District Judge.

WADDILL, District Judge. This is a writ of error to the judgment of the District Court for the Northern District of West Virginia, rendered on the 30th of October, 1919, sustaining the demurrer to the plaintiff's declaration, and dismissing his suit.

The plaintiff's case briefly is that, while he was in the employ of the defendant as a brakeman on one of its freight trains, engaged in transportation of freight in interstate commerce, he sustained the injury complained of; the defendant being at the time engaged in the operation of its train on a private siding of the Stafford Coal Company, near to its main track at or near Baxter, county of Marion, West Virginia— the specific charge being that, while the plaintiff, as such brakeman, was so engaged, the defendant allowed a certain platform upon said private siding, which was part of the platform in front of the store or storage buildings of said coal company, and constructed by having a retaining wall of about 8 or 10 inches in width and 4½ feet high, along the said private siding, which said platform was filled, back of said wall, with cinders or slack, leaving not more than 12 inches of clearance space between the wall and the freight cars running beside said wall; that the top of said retaining wall was smooth, when it should have been notched, grooved, or roughened; that there had been allowed to accumulate thereon certain gravel or other round or uneven substances, which rendered said wall, or that part of said platform, unsafe and dangerous to walk upon; and that the plaintiff, while in the performance of his duty as such brakeman, was in the act of stepping hurriedly from a freight car on defendant's train to said platform, he

stepped upon certain gravel or other substance which had been allowed to accumulate on said wall, and which was invisible and unknown to plaintiff, which substance, rolling or sliding beneath his feet on said wall, caused him to slip, with such suddenness and force that it threw him down, resulting in the injury sued for.

The negligence alleged is the failure of the railroad company to sweep off or remove this gravel or other substance from the wall, before allowing its use by the plaintiff, and in not having the surface of the wall notched, grooved, or made rough, so that the plaintiff, in using the same, would not slip and fall therefrom.

Two questions are presented for the consideration of the court: First, whether the defendant is liable for the injuries sustained from the alleged defective construction of the retaining wall on the coal company's premises; and, second, whether a cause of action is set forth by the plaintiff against the defendant.

The first question, upon the averments of the declaration, may be said to be of the gravest doubt, since there is no allegation that the premises of the coal company, on which the plaintiff sustained the injury, were either owned, used, or controlled by the defendant company. But this need not be passed upon, as the same becomes unimportant in view of the conclusion we have reached upon the second question, namely, whether a cause of action is charged against the defendant. The correct determination of the latter is readily reached, when considered in the light of principles properly applicable.

The plaintiff's right of recovery is based entirely upon the defendant's negligence, and, unless this is averred and proved, no recovery can be had. The plaintiff was an employé of the defendant, and upon entering its service the latter assumed certain obligations for his protection, namely, that it would exercise proper care to provide a reasonably safe place for the plaintiff to work, in the discharge of his duties. This obligation on the part of the defendant was not to insure plaintiff's safety, or freedom from danger, but only to exercise ordinary care; that is, such care as an employer of prudence, engaged in like service, would and should undertake on behalf of his employés engaged in similar service, under like circumstances. It will readily be seen that to impose on an employer the duty to see that gravel or other substances, so delicate as to be invisible to an employé, did not gather upon top of the retaining wall used by the latter, or to require him to notch, groove, or make rough the ordinary siding and walkways upon and over which employés would pass in the discharge of their duties, would be to place upon him an intolerable burden and expense, and in effect make him an insurer against danger, and charge him with a higher degree of care than is afforded a citizen in the ordinary use of the streets and highways of the community.

The lower court's action in sustaining the demurrer to the plaintiff's declaration was plainly right, and the same will be affirmed.